FILED
United States Court of Appeals
Tenth Circuit

August 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY C. KRUG,

     Plaintiff - Appellant,

v.

WARDEN KASTNER,

     Defendant - Appellee.

No. 16-6052
(D.C. No. 5:15-CV-00476-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Gregory Krug appeals the dismissal without prejudice of his pro se complaint

against the warden of the Federal Bureau of Prisons Transfer Center (FTC) in Oklahoma

City, Oklahoma. His complaint alleged that the warden violated the Eighth

Amendment's prohibition on cruel and unusual punishment by maintaining an

excessively cold environment at the facility. *See Bivens v. Six Unknown Named Agents*

*of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing cause of action for

constitutional violations by federal employees). In particular, Mr. Krug asserted that

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

during his 26-day incarceration at FTC in August and September of 2014, the temperature in his cell was about 50 degrees Fahrenheit, yet he was provided only a t-shirt and a very thin blanket, "prevent[ing] him from sleeping more than one hour or so every night." Complaint at 2, R. at 5. The magistrate judge recommended dismissal. The district court agreed and dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We affirm.

"We review de novo the district court's decision to dismiss an [in forma pauperis] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In doing so, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Id.* That is, we "accept as true the well pleaded factual allegations and then determine if the plaintiff has provided enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted). Because Mr. Krug is proceeding pro se, we construe his complaint liberally. *See Kay*, 500 F.3d at 1218.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal

2

quotation marks omitted). To establish a claim under the Eighth Amendment for unconstitutional conditions of confinement, a prisoner has to make two showings. First, he has to show that the deprivation is "sufficiently serious"—that is, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks omitted). Second, he must prove that the defendant prison official had "a sufficiently culpable state of mind," which in a case like this requires "deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted). Deliberate indifference is a subjective test. *See id.* at 837. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.*

We need not address the first requirement because we agree with the district court that Mr. Krug failed to plead sufficient facts to show that the warden was deliberately indifferent to his conditions of confinement. No allegations in his pleadings would support that the warden knew that the prison's temperature would impact Mr. Krug's ability to sleep at night. Mr. Krug did allege that he complained to the warden. But his letter to the warden, which he submitted as an attachment to his complaint, said only: "I hereby request that you promptly inform me as to why your staff will not issue either sweaters or jackets to those inmates who request either of those items, notwithstanding the fact that you constantly maintain this facilities' temperature below 60 degrees F." R. at 40. There is no reference to sleeping conditions; and the reference to sweaters and

3

jackets suggests that he is complaining about conditions during the day. Yet it was Mr. Krug's discomfort at night that allegedly jeopardized his health.

Nor does the other evidence relied on by Mr. Krug indicate that the warden knew about unsafe temperatures. First, he seems to imply that it would have been self-evident to the warden from observing the inmates. But Mr. Krug made no allegation that any other inmate had complained of the temperature. This might be because, as Mr. Krug admitted in his objections to the magistrate judge's report, he was particularly susceptible to cold because of a spleen condition. *See* R. at 29 n\*. Again, however, Mr. Krug never alleged that the warden had reason to know about his susceptibility to the cold. Second, he contends that the warden must have known how cold the prison was kept because he likely participated in decisions involving large expenditures, like those for heating and cooling. We disagree. This contention is too speculative to support Mr. Krug's claim. Finally, several portions of the complaint discuss the actions of prison officials other than the warden. But "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In sum, the complaint fails to allege that the warden was deliberately indifferent to the conditions of Mr. Krug's confinement.

We AFFIRM the district court. We remind Mr. Krug that he must continue making partial payments until payment of all assessed costs and fees is complete, in

4

accordance with the district court's order of March 22, 2016.

Entered for the Court

Harris L Hartz
Circuit Judge